**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WELDON BOYCE BRIDGES | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-2 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner, Weldon Boyce Bridges, a prisoner currently confined at the Dalhart Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Factual & Procedural Background

Petitioner was indicted on two counts of aggravated sexual assault of a child on April 29, 2008 in the 159th District Court of Angelina County in CR-27979-A . Indictment, pgs. 20-21 (docket entry no. 19-6). On July 15, 2009, as part of a plea agreement, petitioner pleaded guilty to count two of the indictment and was found guilty and sentenced to twenty-two years' imprisonment. Petitioner waived his right to appeal. Clerk Record (docket entry no. 19-7); Written Plea Admonishments-Waivers-Stipulations, pgs. 66- 70; Supplemental Admonishments, pgs. 71-72; Waiver of Right to Appeal, pg. 73-75; *see also* Clerk Record, Judgment of Conviction, pgs. 77-78. Count one was dismissed as part of the plea agreement. Clerk Record, Motion to Dismiss, pg. 74 (docket entry no. 19-7).

On January 2, 2012, petitioner requested DNA testing pursuant to Article 64.01(c) of the Texas Code of Criminal Procedure. Clerk Record, pgs. 87-89 (docket entry no. 19-7). The trial

court denied the motion on May 25, 2012, stating that (1) previous DNA testing was done, (2) that DNA testing did not show any exculpatory evidence, (3) there is no evidence newer techniques would be more accurate, and (4) there were no reasonable grounds to file a motion for DNA testing. Clerk Record, Order, pg. 96 (docket entry no. 19-7). Petitioner, proceeding *pro se*, appealed the denial of his motion for forensic DNA testing on June 11, 2012. Clerk Record, Notice of Appeal, pg. 100 (docket entry no. 19-7). On appeal, petitioner also attempted to raise issues relating to the underlying conviction and trial. *Id*. The Sixth Court of Appeals affirmed the trial court's order denying the motion for forensic DNA testing on April 11, 2014. Clerk Record, *Bridges v. State* of Texas, No. 06-12-00109-CR (docket entry no. 19-3).[1] The Sixth Court of Appeals also noted that because petitioner waived his right to appeal the underlying conviction at the time he entered his guilty plea, the appeals court could not consider any issues relating to the conviction. *Id*. Petitioner filed a Petition for Discretionary Review on May 15, 2014. Clerk Record, PD-0628-14, pg. 18 (docket entry no. 19-13). The Petition for Discretionary Review was refused on July 23, 2014. Clerk Record, Electronic Record, pg. 1 (docket entry no. 20-10).

Petitioner filed his state application for writ of habeas corpus on June 17, 2015, the date he certified he placed the application in the prison mailing system. Clerk Record, State Writ, pgs. 7-48 (docket entry no. 20-20). The Texas Court of Criminal Appeals denied the state application for writ of habeas corpus without a written order on January 13, 2016. Clerk Record, *Ex parte Bridges*, WR-

---

[1] Petitioner originally appealed to the Twelfth Court of Appeals. The case was transferred to the Sixth Court of Appeals by the Texas Supreme Court pursuant to its docket equalization efforts. Originally, the Sixth Court of Appeals dismissed petitioner's post-conviction motion for DNA testing due to petitioner's failure to file an appellate brief. *Bridges v. State*, No. 06-12-00109-CR, 2013. Petitioner filed a Petition for Discretionary Review. On November 20, 2013, the Texas Court of Criminal Appeals vacated the judgment of the Sixth Court of Appeals and remanded the case consistent with its opinion. Clerk Record, *Bridges v. State*, PD-0546-13, pgs. 6-7 (docket entry no. 19-9).

81,290-03 (docket entry no. 20-17).[2] Petitioner filed this federal writ of habeas corpus on December 22, 2016, the date petitioner certified he placed the petition in the prison mailing system. Original Petition (docket entry no. 1).

## The Petition

Petitioner argues the following points of error :

1. Ineffective Assistance of Counsel due to:

    a. failure to have counsel present at arraignment and evidentiary hearings;
    b. failure to make hearsay objections and unspecified objections in general; failure to investigate and develop exculpatory evidence; and
    c. denied counsel at post-conviction DNA hearing; first-tier review (DNA Appeal).

2. Jurisdictional-Abuse of Discretion due to:

    a. convicting court failed to arraign petitioner;
    b. convicting court denied petitioner counsel;
    c. convicting court issued void orders on DNA appeal relating to disqualification and recusal; and
    d. the Texas Court of Criminal Appeals denied petitioner counsel on appeal and post-conviction writ of habeas corpus proceedings.

3. Violations of Due Process of Law because:

    a. the State withheld exculpatory evidence;
    b. the entire file was not forwarded during the state habeas proceedings;
    c. petitioner did not have counsel at pre-trial, preliminary, and evidentiary hearings;
    d. petitioner denied a complete record on appeal;
    e. the State submitted an affidavit from a dismissed cause; and

---

[2]Petitioner filed additional pleadings in state court that are not directly related this federal petition for writ of habeas corpus: "Writ of Prohibition" filed on April 4, 2014 and denied on June 11, 2014. *Ex parte Bridges*, WR-81,290-01 at 1, Action Sheet (docket entry no. 20-11); "Writ of Mandamus" filed on September 14, 2015 and denied on October 7, 2015. *Ex parte Bridges*, WR-81,290-02 at 3-4, Action Sheet (docket entry no. 20-15); and "Writ of Mandamus" filed on December 21, 2015 and denied January 13, 2016. *Ex parte Bridges*, 81, 290-04 at 2-3, Action Sheet (docket entry no. 20-21).

      f. the local rules of court were not followed in that petitioner was arraigned in the 217th Judicial District Court without counsel present.

4. Actual Innocence because trial counsel failed to investigate or submit exculpatory evidence that:

      a. alleged victim was at camp during time frame;
      b. the alleged victim suffers from mental issues;
      c. the alleged victim's state of mind was affected by marijuana;
      d. there was no physical sign of trauma, injury, or penetration; and
      e. the outcry was in retaliation for petitioner's persecution of the father and divorce of the mother.

Original Petition (Docket entry no. 1).

### Response

The Government was ordered to Show Cause on April 10, 2017 (docket entry no. 7) and filed a Response on June 19, 2017 (docket entry no. 18). The Government argues petitioner's claims are time-barred, waived or not cognizable on federal habeas review.

### Standard of Review

Title 28 U.S.C. § 2254 authorizes a district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a materially indistinguishable set of facts. *Williams v.*

*Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.* An unreasonable application of law differs from an incorrect application; thus, a federal habeas court may correct what it finds to be an incorrect application of law only if this application is also objectively unreasonable. *Id.* at 409-411. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (citation omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* The Supreme Court has noted that this standard is difficult to meet "because it was meant to be." *Id.*

In addition, this court must accept as correct any factual determination made by the state courts unless the presumption of correctness is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.").

<u>Analysis</u>

1. *Statute of Limitations*

Respondent argues petitioner's claims 1(a) and (b), 2(a), 3(a), (c), (e) and (f), and 4(a)-(c) are time-barred.

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub.

L. 104-132, 110 Stat. 1218, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one year period is calculated from the latest of either (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d) (1)(A)-(D).

Ordinarily, the one-year limitation period starts to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, petitioner pleaded guilty and was sentenced on July 15, 2009. Petitioner did not file a direct appeal of the conviction. Thus, the state court conviction became final on August 14, 2009, at the conclusion of thirty days in which petitioner could timely file a direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); TEX. R. APP. P. 26.2 (a). Because petitioner filed his federal petition more than one year after his conviction became final, a literal application of Section 2244(d)(1) renders his December 22, 2016 filing untimely.

Petitioner has not shown that an alternate start date is applicable to his claims relating to his guilty plea. Petitioner has not shown that any unconstitutional "state action" prevented him from seeking federal habeas corpus relief prior to the end of the limitation period. 28 U.S.C. § 2244(d)(1)(B). Moreover, petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Finally, petitioner has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. 28 U.S.C. § 2244(d)(1)(D).

*a. Statutory Tolling*

The Act expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, a state petition for habeas relief is "pending" for the Act's tolling purposes on the day it is filed through (and including) the day it is resolved. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009).

According to petitioner's federal application for writ of habeas corpus, he filed his state writ of habeas corpus on June 17, 2015. This is almost five years past the August 14, 2010 filing deadline. And, although a motion for DNA testing qualifies as "other collateral review" under 28 U.S.C. § 2244(d)(2), petitioner's motion for DNA testing was filed on January 2, 2012, a year and a half past the filing deadline. *See Hutson v. Quartmernan*, 508 F.3d 236, 239 (5th Cir. 2007). It is well settled that a document filed in state court after the limitations has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

As such, the state application and motion for DNA testing fail to toll the federal filing deadline.

  *b. Actual Innocence*

  Petitioner asserts actual innocence in order to overcome the procedural bar. The Supreme Court has held that "actual innocence, if proved, serves a gateway through which a petitioner may pass" despite the expiration of the statute of limitations applicable to federal habeas applications. *McQuiggin v. Perkins*, 569 U.S. 383, 385 (2013). A petitioner attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

  To open the gateway to federal habeas review, a petitioner asserting his actual innocence of the substantive offense must: (1) present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," (2) "that was not presented at trial;" and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup*, 513 U.S. at 299)).

  Here, the arguments petitioner proffers that could be interpreted as a claim of actual innocence are supported by evidence that was available to him prior to the entry of his guilty plea. Furthermore, petitioner's guilty plea inherently defeats his ability to make a showing of actual innocence that is required. "Actual innocence," in this context, means factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623-24 (1998). Indeed, some circuit courts have held a guilty plea forecloses a petitioner from arguing actual innocence to extend the

8

statutory time period under *McQuiggin*. *Jackson v. United States*, 2013 WL 5295701, *3 (E.D. Wis. Sept. 18, 2013); *Sidener v. United States*, 2013 WL 4041375, *3 (C.D. Ill. Aug. 8, 2013) ("Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence."); *United States v Cunningham*, 2013 WL 3899335, n. 3 (S.D. Tex. July 27, 2013). Petitioner's evidence of innocence is insufficient to demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of the newly presented evidence, especially in light of petitioner's guilty plea. *Schlup*, 513 U.S. at 327. Petitioner has simply failed to establish actual innocence to overcome the procedural bar.

    *c. Equitable Tolling*

Petitioner has also not demonstrated any facts entitling him to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998) (holding that the limitations period can be equitably tolled in extraordinary circumstances). Equitable tolling is a discretionary doctrine turning on the facts and circumstances of each case and petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied* 531 U.S. 1164 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied* 531 U.S. 1035 (2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). For equitable tolling to apply, the applicant must diligently pursue his Section 2254 relief and equity is not intended for those who sleep on their rights. *Fisher v. Johnson* 174 F.3d 710, 715 (5th Cir. 1999); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

In the present case, petitioner has not shown he acted diligently while pursuing habeas relief in both the federal and state courts. As a result, he has failed to demonstrate that any principles of equitable tolling save his petition.

*2. Guilty Plea Waived All Claims Not Relating to the Voluntariness of the Plea*

Alternatively, petitioner's claims 1(a) and (b), 2(a), 3(a), (c), (e) and (f), and 4(a)-(c) and any other of petitioner's claims relating to the time before or at the time of his plea were waived by his voluntary guilty plea. Because petitioner voluntarily pleaded guilty to the conviction he is now challenging, petitioner waived the right to challenge all non-jurisdictional defects in his proceedings.

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case demonstrates petitioner's plea was voluntary and intelligent and were not the result of any misrepresentation. To start, the voluntariness of petitioner's plea is demonstrated by his signature on the Written Plea Admonishments-Waivers-Stipulations and Supplemental Admonishments. Pgs. 66-72 (docket entry no. 19-7). These documents demonstrate petitioner was admonished as to the maximum punishment range for aggravated sexual assault of a child (first degree felony for a term of life or any term of not more than 99 years or less than 5 years). Petitioner also makes the following concessions in his plea agreement:

10

> 1. I understand the foregoing admonishments from the Court and am aware of the consequence of my plea. I further state that I am mentally competent, that my plea is freely and voluntarily made.
>
> 2. I am totally satisfied with the representation provided by my attorney who provided fully effective and competent representation.
>
> 3. Under Art. 1.14 C.C.P. I give up all rights given to me by law, whether of form, substance or procedure, including any time limitations imposed under the U.S. Constitution or Chapter 32 C.C.P.
>
> 4. Joined by my attorney, I give up all right to a jury in this case under Art. 1.13 C.C.P., and I give up my right to appearance, confrontation and cross examination of witnesses under Art. 1.15 C.C.P. I consent to oral and written stipulations of evidence in this case. I give up my right to remain silent, both at the guilt-innocence and punishment phases of my trial.
>
> 5. I also waive and give up the 30 days provided in which to file a Motion for New Trial, Motion for Arrest of Judgment and Notice of Appeal.
>
> 6. I completely understand all of the written waivers, stipulations, and motions herein stated in connection with the plea, and each was done freely, voluntarily and intelligently.
>
> 7. The State and I mutually recommend to the Court that punishment in this cause be assessed at 22 years in prison.
>
> 8. Understanding and agreeing to all of the above, I freely and voluntarily plead guilty and confess my guilt to having committed each and every element of the offense alleged in the indictment or information by which I have been charged in this cause.

*Id*. The District Attorney, petitioner's trial counsel and the Court also signed the agreement after concluding that petitioner was legally competent to stand trial and that the statement made by petitioner were freely and voluntarily made and entered and that petitioner understood the admonitions given to him by the Court and that he was aware of the consequences of his plea. *Id*.

Petitioner's signature on the guilty plea documents is prima facie proof of the validity of the plea and is entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir.

1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). Petitioner's formal declarations in open court also carry "a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral attack. *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Because petitioner has not provided any evidence or argument that would overcome these "strong presumptions of verity," this Court denies any allegation made by petitioner concerning the validity of his guilty plea. *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

Furthermore, by entering a knowing, intelligent and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea – including claims of ineffective assistance of counsel – unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea).

Here, petitioner argues counsel was ineffective as he was not present at the arraignment and evidentiary hearings, failed to make hearsay objections and unspecified objections in general and failed to investigate and develop exculpatory evidence. Original Complaint (docket entry no. 1). But, petitioner fails to demonstrate how this alleged ineffectiveness relates in any way to the voluntariness of his guilty plea. Accordingly, petitioner's claims are waived by his knowing, voluntarily, and intelligent guilty plea.

*3. Infirmities in State Habeas Proceedings Not Cognizable*

Petitioner's claims 1(c), 2(b)-(d), and 3(b) and (d) relate to petitioner's motion for post-conviction DNA testing. Petitioner's claims raise only questions regarding his rights under state law, not federal law, and are not cognizable on federal habeas corpus review. *See* 28 U.S.C. § 2254(a); *Johnson v. Thaler*, 2010 WL 2671575, at *3 (S.D. Tex. June 30, 2010) (citing *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (claim of ineffective assistance during post-conviction DNA testing proceeding presents no federal constitutional issue and does not warrant relief). These claims simply fail to raise a federal constitutional issue as the challenges attack a proceeding collateral to the conviction and detention and are foreclosed by circuit precedent. *See Rudd v. Johnson,* 256 F.3d 317, 320 (5th Cir. 2001) *(citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).

*4. Actual Innocence*

To the extent petitioner asserts a "freestanding" claim of actual innocence, this claim does not provide a basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. 390, 400 (1993)). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Herrera*, 506 U.S. at 399. Although the *Herrera* court left open the question of wether, in a capital case, "a truly persuasive demonstration of 'actual innocence' made after trial would . . . warrant habeas relief if there were no state avenue open to process such a claim," the Fifth Circuit has consistently rejected this theory.[3] *Hererra*, 506 U.S. at 417; *see also*

---

[3] In later revisiting the issue of actual innocence, the Supreme Court declined to resolve the question of whether freestanding actual-innocence claims are to be recognized in federal habeas proceedings. *House v. Bell*, 547 U.S. 581, 555 (2006).

13

*Cantu v. Thaler*, 632 F.3d 157, 167 (5th Cir. 2011) (vacated on other grounds); *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases). Because petitioner has not shown an independent constitutional violation, petitioner's freestanding claim of actual innocence is not cognizable on federal habeas review.

"Actual innocence means 'factual innocence and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "To establish actual innocence, [the] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 328 (1995)). Petitioner has failed to provide the Court with any new or newly discovered evidence to support his claim. *Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998) (evidence must be "newly discovered," and not evidentiary material that was in "essence and character" presented to, or available to present to, the jury). Petitioner, therefore, has failed to offer "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial" to support his claim that he is actually innocent of committing aggravated sexual assault of a child. *Schlup*, 513 U.S. at 324.

"[E]ven if a truly persuasive claim of actual innocence could be a basis for relief, the Supreme Court made clear that federal habeas relief would only be available if there was no state procedure for making such a claim." *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). The state has already provided a forum in which petitioner's claim of actual innocence was reviewed and denied. *Ex parte Bridges*, No. 81,290-03 (Tex. Crim. App. 2016) (docket entry no. 20-17); *see also Graves*, 351 F.3d at 151. Petitioner has not shown that this decision was contrary to, or involved

14

an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Petitioner's freestanding claim of actual innocence should be denied.

### ORDER

It is therefore **ORDERED** that this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

Furthermore, after a review of the record in this case, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of certificate of

appealability. Accordingly, a certificate of appealability will not be issued.

A Final Judgment will be entered separately.

So **ORDERED** and **SIGNED March 6, 2020.**

_____
Ron Clark, Senior District Judge