IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| WELDON BOYCE BRIDGES | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:17-CV-2 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER

Currently pending is Petitioner's Motion for Certificate of Appealability as to this court's previous Memorandum Order Denying Petitioner's Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b) (Doc. # 76).

Background

On March 6, 2020, this court entered a Memorandum Order denying the above-referenced petition for writ of habeas corpus and a certificate of appealability (Doc. # 57). A Final Judgment was entered on the same day (Doc. # 58). Petitioner filed a Motion for Judgment of Acquittal, liberally construed as a Motion to Alter or Amend Judgment, on March 30, 2020, and a Notice of Appeal on April 10, 2020 (Doc. #s 59 & 60). On May 5, 2020, this court entered a Memorandum Order denying the Motion to Alter or Amend Judgment (Doc. # 62). On September 25, 2020, the Fifth Circuit Court of Appeals denied Petitioner's Motion for Certificate of Appealability (Doc. # 64). The United States Supreme Court denied Petitioner's Petition for Writ of Certiorari on October 7, 2021 (Doc. # 77).

In addition, Petitioner filed a Rule 60(b) Motion on January 4, 2021 (Doc. # 65). On February 4, 2021, Petitioner filed a Motion for Copy of Record on Appeal (Doc. # 66). The Magistrate Judge to whom this case was referred entered an Order on May 6, 2021, denying Petitioner's Motion for Copy of Record on Appeal, subject to reconsideration (Doc. # 71). This court then entered a Memorandum Order denying the Rule 60(b) Motion on May 19, 2021 (Doc. 72). Petitioner then filed another Notice of Appeal on June 1, 2021 as to this order which was

docketed on June 11, 2021 (Doc. # 73). As previously stated, currently pending is Motion for Certificate of Appealability filed July 13, 2021 (Doc. # 76).

In the Memorandum Order denying Petitioner's Motion for Rule 60(b) relief from Judgment, this court determined, contrary to Petitioner's argument, there was no defect in the integrity of the federal habeas proceedings and Petitioner was, in essence, expressing his dissatisfaction with this court's analysis and resolution of his claims. Memorandum Order, pg. 2 (Doc. # 72). In addition, this court noted the Fifth Circuit had already denied Petitioner's original certificate of appealability. *Id*.

Petitioner's current' Motion for Certificate of Appealability as to the denial of his Rule 60(b) Motion is hard to decipher. Giving the motion the most liberal construction, it would appear Petitioner's arguments are as follows:

1. The District Court erred in denying Petitioner's Motion for Copy of Record during this federal habeas proceeding which is an appealable order;

2. The District Court erred in ruling on Petitioner's 59(e) and 60(b) motions when the case was referred to the Magistrate Judge under 28 U.S.C. § 636(c); and

3. The District Court erred in not ensuring there was a complete state court record.[1]

## Standard of Review

"In 2005, the Supreme Court held that district courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings so long as the motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Ochoa Canales v. Quarterman*, 507 F.3d 884 887 (5th Cir. 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 624, 532 (2005)). Because this court previously determined there was no defect in the integrity of this federal habeas proceeding in denying Petitioner's Rule 60(b), the Rule 60(b)

---

[1] Petitioner appears to argue that an out-of-time appeal was granted by the Texas Court of Appeals on August 7, 2012 which is missing from the state court records.

motion is a final, appealable order that requires a certificate of appealability pursuant to 28 U.S.C. § 2253.

The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

At the outset, the court notes that the only argument made in Petitioner's Rule 60(b) motion that is revisited here is the claim that the court erred in not ensuring there was a complete state court record. To the extent Petitioner attempts to bring forth additional arguments in this Motion for Certificate of Appealability, they will not be considered here.

With respect to Petitioner' claim that the court erred in not ensuring there was a complete state court record, Petitioner states, "[t]he 159th Judicial District Court has 'no filed' motion for 'Anders," or makes this claim. Appellant has 'rough draft copy' and the State did issue C.O.A. On August 7, 2012, giving and [sic] out-of-time appeal. All of this was overlooked by the U.S. District Court" Motion for Certificate of Appealability, pg. 3 (Doc. # 76). Based on this statement alone, this court cannot discern what part of the state court record is allegedly missing. Out of an abundance of caution, this court reviewed the docket of the appellate record in this case and can find no such order granting an out-of-time appeal on August 7, 2012.[2]

---

[2] https://search.txcourts.gov/Case.aspx?cn=06-12-00109-CR&coa=coa06.

As Petitioner has not shown that the issues of concern are subject to debate among jurists of reason or worthy of encouragement to proceed further, a certificate of appealability shall not issue in this matter.

**So Ordered and Signed**

**Nov 28, 2021**

*[signature: Ron Clark]*

Ron Clark
Senior Judge